IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Anthony Green,
   Plaintiff,

vs.

Case No. 17 CV 5325

City of Chicago, a Municipal
Corporation, Chicago Police
Department, Officer M.R. Brittain,
Star No. 8284, Officer A.A. Urban,
Star No. 8311, Officer O. Carrasco,
Star No. 15181, Officer J. Duckins
Star No.10325, Officer K.R. Moranz,
Star No.5687, and Officer J.F.
Spellman, Star No.981, and Officer
R.L Brown, Star No. 9239,
Individually and in Their
Official Capacity,
  Defendants.

**JURY DEMAND**

---

**COMPLAINT**

NOW COMES Plaintiff Anthony Green by and through his Attorney Gwendolyn Dale Anderson of the LAW OFFICE OF GWEN ANDERSON & ASSOCIATE, and herein complain of the Defendants, City of Chicago, a Municipal Corporation, Chicago Police Department, Officer M.R. Brittain, Star No. 8284, Officer A.A. Urban, Star No. 8311, Officer O. Carrasco, Star No. 15181, Officer J. Duckins, Star No.10325, Officer K.R. Moranz, Star No. 5687, and Officer J.F. Spellman, Star No. 981, Individually and In their Official Capacity and state as follow.

1

## JURISDICTION AND VENUE

1. This cause of Action is brought for personal injury and pecuniary damages suffered by Plaintiff Anthony Green that resulted from the unlawful arrest and the use of "Excessive Force" by the Defendants while acting under "Color of Law" and in violation of the Fourth Amendment and the Fourteenth Amendment of the United States Constitution and Title 42 U.S.C. Section 1983 of the Civil Rights Act of 1964 as Amended in 1991 and 42 U.S.C 1988 of the Civil Rights Act of 1964.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C Section 1331, 28 U.S.C. 1343 (a)(4), 28 U.S.C Section 1367 and Title 42 U.S.C Section 20005-5 (f) (3).

3. Venue is proper within this District pursuant to Section 1392 (b)(2) where the unlawful practices and actions occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff Anthony Green is and at all times mentioned herein an African American male, age 50 who is a member of the protected class under Title 42 U.S.C. 1983 and a citizen of the United States of America pursuant to the Fourth and Fourteenth Amendment of the United States Constitution.

5. Defendant City of Chicago is a Municipal Corporation organized under the laws of the State of Illinois and the United States of America and located in Chicago, Illinois. As a Municipality, the City of Chicago employed over fifteen employees or more full time employees within the meaning of Title 42 U.S.C. Section 2000 (e)(b) of the Civil Rights Act of 1964, 1991 and Title 42 U.S.C.1983

4. Defendant Chicago Police Department is an agency of the City of Chicago engaged in servicing and protecting the citizenship of the City of Chicago with Its' main headquarters located at 3500 South Michigan Avenue in Chicago, Illinois 606--.

5. Defendant M.R. Brittain, Star No. 8284 , is a sworn officer of the Chicago Police Department and was acting in that capacity under "Color of Law" both individually and in his official capacity at the times of the incidents complained of in this Complaint. On August 16, 2017 Defendant Officer M.R. Brittain was the first arresting officer who arrested the Plaintiff and charged Plaintiff with Driving Under the Influence of Alcohol and Resisting Arrest. The Defendant also administrated the breathalyzer test to Plaintiff. Defendant Officer Brittain was employed by the City of Chicago at the time of the incident.

6. Defendant Officer M.R. Brittain, Star No. 8284, was one of officer who arrested Plaintiff and signed a misdemeanor complaint against Plaintiff alleging the charge of resisting arrest at the time of the incident on August 16, 2015.

7. Defendant Officer A .A .Urban, Star No. 8311, is a sworn officer and an employee of the Chicago Police Department and was acting under " Color of Law" when he arrested Plaintiff and filed a complaint against the Plaintiff alleging resisting arrest.

8. Defendant Officer O. Carrasco, Star No.15181, is a sworn Officer of the Chicago Police Department. The Defendant is employed by the City of Chicago and he was one of the Officer who unlawful arresting the Plaintiff on August 16, 2015. At the time of the arrest, Defendant Officer Carrasco was acting under "Color of Law". Defendant Officer Carrasco is Caucasian male.

9. Defendant Officer J. Duckins, Star No.10325, is a sworn officer of the Chicago Police Department and is employed by the City of Chicago. Defendant Officer Duckins was one of the

officer who arrested Plaintiff on August 16, 2015, and at the time of the arrest Defendant Officer Duckins was acting under "Color of Law." Defendant Officer Duckins is a Caucasian male.

10. Defendant Officer K.R Moranz, Star No.5687, is a sworn Chicago Police Officer and is employed by the City of Chicago. Defendant Officer Moranz was one of the officer who unlawfully arrested the Plaintiff on August 16, 2015 and was acting under "Color of Law" at the time of the arrest.

11. Defendant Officer J.F. Spellman, Star No.981, is a police officer of the Chicago Police Department and is employed by the City of Chicago. Defendant Officer Spellman was one of the Officer who unlawfully arrested Plaintiff on August 16, 2015. At the time of the incident, Defendant Officer Spellman was acting under "Color of Law".

12. Defendant Officer R.L. Brown, Star No.9239, is a sworn officer of the Chicago Police Department and he is employed by the City of Chicago. Defendant Officer Brown was one of the Officer who arrested Plaintiff on August 16, 2015. At the time of the incident, Defendant Officer Brown acting under "Color of Law".

## STATEMENT OF FACTS

13. Plaintiff Anthony Green is an African American Male who resides in Chicago, Illinois. Plaintiff is age 50 and is employed with the Forest Preserves of Cook County. Plaintiff has been employed with the Forest Preserves for 21 years as a laborer. As a laborer his duties are hauling equipment and materials, cleaning out shelters and other comfort areas.

14 Plaintiff is an employee in good standing with Cook County Forest Preserves and is often referred to as a team player who works well with his colleagues.

15. Plaintiff Green left school at 10th grade. He later acquired a GED Certificate to complete his high school education . He is currently not engaged in any academia training.

16. Plaintiff is single and he has no children and has never been married.

17 Plaintiff has no criminal convictions.

18. On August 16, 2015 Plaintiff was sitting in his parked car at 7545 South Hermitage Avenue in Chicago, Illinois. Plaintiff was talking with a friend, Curtiss Garrison, when Defendant Officer Britain and Defendant Officer Urban came into the area.

19. The Defendant Officers exited the squad car and approached Plaintiff. The Defendants then told Plaintiff that the taillight on his car was broken. The Defendant Officers ordered Plaintiff from his car. Plaintiff asked Defendants why was he being asked to leave his car?

20. At that time, Defendant Brittain and Defendant Urban open the Plaintiff's car door and forcefully pulled Plaintiff from the vehicle, slammed Plaintiff to the ground and began to beat Plaintiff about the neck and body, One of these Defendants then placed his knee behind Plaintiff's neck and kneed Plaintiff.

21. Defendant Brittain and Urban then called for backup. Whereupon Defendant Officers Spellman, Brown, Duckins, Moranz and Carrasco came onto the scene. These Defendants conducted an unlawful search of Plaintiff's car and assisted Defendants Brittain and Urban in effectuating the unlawful arrest of Plaintiff.

22. Contrary to Defendant Brittain and Defendant Urban report, Plaintiff's car was not parked in the middle of Hermitage Avenue but properly parked between two cars.

23. In addition thereto, Plaintiff did not attempt to flee the area and Plaintiff did not resist the arrest.

24. Plaintiff was arrested and transported into the Area 006. Subsequent to the arrest, Defendant Brittain stated that he observed open alcohol in Plaintiff's car. At the police station, Plaintiff consented to a breathalyzer. The results of the test was allegedly .216 BAC.

25. After the breathalyzer test, Plaintiff was given the Warnings to Motor. Defendant Officer Brittain then conducted the field sobriety test. Plaintiff was charged with Driving under the Influence and resisting arrest.

26. While the Plaintiff was in the custody of the Defendant Officer Brittain and Defendant Officer Urban, Plaintiff was transported to Little Company of Mary Hospital for pain to the right neck and because Plaintiff was have problems breathing.

27. At little Company Hospital, medical examinations were performed and the a mass was found at the base of Plaintiff's right neck. At the Hospital, Plaintiff informed the medical staff that he had been beaten by the police. After Plaintiff was treated, he was place back in the custody of the Chicago Police and advised to follow-up with his physician for the neck injury.

28. Plaintiff retained the professional service of an attorney, and after several court appearances, the case was dismissed.

29. At the time that Plaintiff was stopped and his car searched, Plaintiff was not violating any state, federal or municipal laws. The circumstances surrounding the arrest illustrates that Defendant Officer Brittain and Defendant Officer Urban did not have probable cause to intrude into the Plaintiff's rights to be free from unlawful police intrusion.

30. In this case, the charges were dismissed against the Plaintiff.

31. Plaintiff was unable to work for several days and loss income because of the unlawful conduct of Defendants Brittain and Urban.

6

32. Moreover because of the excessive force used by Defendant Brittain and Urban, Plaintiff was transported to Little Company of Mary for injuries and pain to the right side of his neck.

## COUNT I

### USE OF EXCESSIVE FORCE
### (Violation of Title 42 USC 1983)
### FOURTH AMENDMENT
### United States Constitution

33. Plaintiff states and re-alleges Paragraph 1 through 32 as if fully set forth in Count I.

34. At all times material to this Complaint, Defendants Brittain and the City of Chicago was acting under "Color of Law" pursuant to Title 42 U S C 1983 and the Fourth and Fourthteen Amendment of the United States Constitution.

35. At all times material mentioned herein Defendant Officer Brittain was a police officer employed by the Defendant City of Chicago and as a police officer, Brittain was acting under "Color of Law" when he used excessive force in the arrest of Plaintiff Anthony Green. During the arrest, Brittain pulled Plaintiff from his car, slammed Plaintiff to the ground, beat Plaintiff about the neck and body and then place his knee onto Plaintiff's right side of his neck causing pain and injury to the neck area.

36. As a result of the excessive force used by Defendant Officer Brittain, Plaintiff was transported to Little Company of Mary Hospital where he was diagnosed with a mass on the right side of his neck.

37. At all time relevant to the incident set forth in this Complaint, it was a violation of Title 42 U S C of 1983, and the Fourth Amendment of the United States Constitution for the Defendant to use excessive force against Plaintiff Green.

7

38. In addition, thereto, Defendant Officer Brittain's use of excessive force against Plaintiff was in violation of Ch. 720 ILCS 5/7-5 (1996) and the Illinois Law Enforcement Training and Standard Board Evaluation Guidelines for Use of Force.

39. On August 16, 2015, Plaintiff was sitting in his parked car talking a friend Curtiss Garrison when Defendant Brittain and Defendant Urban approached Plaintiff's car and informed him that his rear taillight was broken.

40. Both Defendant Brittain and Urban ordered Plaintiff to get out of the car. When Plaintiff inquired and asked the reason as to why he should exited h is car, the Defendants, Brittain and Urban forcefully removed Plaintiff from the Car and beat him about the head, back and neck.

41. In the report prepared by Defendant Officer Brittain and Urban it was stated that the Plaintiff was parked in the middle of Hermitage Street at the time of the incident. Moreover Defendant Brittain and Urban indicated that this was the reason for questioning the Plaintiff.

42. Defendant Brittain and Urban also stated that Plaintiff attempted to flee the area and also that Plaintiff resisted arrest. Plaintiff verily states that the Defendants are misstating the facts and that he did not attempt to flee the area, nor did the Plaintiff resist being arrested.

43. In this case, the Defendant Officer, Brittain and Urban did not have probable cause to arrest Plaintiff, because at the time of the arrest, Plaintiff was not violating any state, Federal or municipal law. The conduct of the Defendant was a violation of Plaintiff's Fourth Amendment Right to be free from unlawful governmental intrusion.

## COUNT II

### VIOLATION OF PLAINTIFF'S FOURTH'S AMENDMENT RIGHT
### UNDER TITLE 42 U S C 1983

8

44. Plaintiff states and re-alleges the allegations set forth in Paragraphs 1 through 43 as if fully set forth in Count II.

45. At the time of the arrest Defendants Brittain and Urban did not have probable cause to arrest the Plaintiff nor did the Defendants have an arrest warrant. At the time of the arrest, Plaintiff was sitting in a lawfully parked car talking with a friend.

46. In the report prepared by Defendants Brittain and Urban, they states that Plaintiff attempted to flee the area and resisted arrest. The Defendants also stated that at the time they observed Plaintiff his car was parked in the middle of Hermitage Street and that was the reason for approaching Plaintiff.

46. Defendants Carrasco, Moranz, Brown and Duckins were called to assist in the arrest of Plaintiff. These Defendant's Search the Plaintiff's car without a search warrant or probable cause. They found open alcohol. The Search and seizure of the alcohol was a violation of Plaintiff's Fourth Amendment Right to be fee from unlawful search and seizure.

47. The Fourth Amendment of the United States Constitution clearly prohibits the arrest in this case because there was no probable cause to make the arrest nor was there an arrest warrant.

48. In addition thereto, Defendants Duckins, Brown, Moranz and Carrasco violated the Plaintiff's Fourth Amendment Rights when they searched the Plaintiff's car without a search warrant and seizure open alcohol. The contraband seized was the direct result from the unlawful stop and is thus tainted by the "fruit of the poison tree".

49 At the time of the arrest, Plaintiff was not violating any state, federal, or municipal law nor was Plaintiff committing a law, violating the law nor about to commit a law.

50. The Defendants violated Plaintiff's rights under 42 U S C 1983 and is therefore, liable to Plaintiff for an award of compensatory damages of $50,000.00, attorneys' fee and litigation costs, expenses, and expert witness fees.

## COUNT III

## MONELL COUNT

### INADEQUATE TRAINING UNDER TITLE 42 U S C 1983

51. Plaintiff states and re-alleges Paragraphs 1 through 50 as if fully set forth in Count III

52. Defendant City of Chicago is liable under 42 U S C 1983 because the training procedures relating to the use of excessive force is inadequate and because of the foregoing, Plaintiff was beaten by Defendant Officer Brittain and Urban during the arrest.

53. Defendant City of Chicago has a duty to properly train their police officers and supervised the officers from the use of excessive force during an arrest.

54. The individual Defendants' excessive use of force, the false arrest and failure to intervene, and conspiracy deprive Plaintiff of his Constitutional rights, were all undertaken pursuant to policy, practice and custom of Defendant City of Chicago.

55. In establishing Its' procedures, Defendant City of Chicago has a duty under the Fourth and Fourthteen Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that create a substantial likelihood that persons, such as Plaintiff would be subjected to Defendant City of Chicago's Conduct.

56 Likewise, Defendant City of Chicago h as a duty to refrain from enforcing or continuing in effect policies and procedures that cause person, such as Plaintiff to be treated with reckless indifference by its agents, servants and employees.

57. At all times material to this Complaint the Defendant City of Chicago and its police Department, Superintendents, L,P.R.A., I.A.D, Personnel Division and/or Police Board had interrelated defacto policies, practices, and customs that were the moving force of the conduct described in this Complaint.

58. Defendants' misconduct was undertaken pursuant to one or more interrelated defacto policies practices and /or customs of the City of Chicago. Its' Police Department, Police Board, I.P.R. A.I.A.D., Personnel Division and/or superintendent are guilty of one or more of the following wrongfully acts.

 a. failure to proper hire, train and supervise Police Officer;

 b. failing to properly train and supervise Chicago Police Officers with regard to the use of excessive force while arresting a civilian;

 c. refusing to supervise, reprimand, discipline, transfer, monitor, counsel and /or otherwise control Police Officers who engage in misconduct contrary to the law, rules and regulations, thus condoning the use of excessive force; thereby leading the City of Police Department to believe their actions will never be scrutinized and in that way , such as those affecting Plaintiff, directly encouraging future abuse such as those affecting Plaintiff, specifically, City of Chicago Police Officers accused of excessive force can be confident that the Independent Police Review Authority will not adequately investigated those accusations and will refuse to recommend discipline even where the Officer has engaged in excessive;

 d. failing to retrain and /otherwise control police officers who engage in wrongful excessive force and/or unjustified shootings against civilians;

11

e. failing to establish appropriate policies and procedures to address and correct the repeated use of excessive force by Police Officer in traffic stops;

f. inadequately and/or failing to independently and adequately investigate complaints or allegations of excessive force and of other types of misconduct by fellow Police Officer, including the use of excessive force against civilians to protect fellow officers from disciplinary, criminal and civil actions in violation of civil rights and privileges;

g. covering up the criminal and/or wrongful activities of fellow police officers by falsely reporting, falsely, falsely or improperly investigating, committing perjury and being dishonest in violation of the rights and privilege of civilians including Plaintiff;

h. tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights, including the right to be free of interference with their right to association with their to be free in their bodily integrity and security in their persons;

i. allowing the continuance in force and effect of policies and procedure which resulted in the use of outrageous and excessive force against civilians, including Plaintiff;

j. as a matter of both policy and practice, the City of Chicago Police Department facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of Defendant City's agents, servants and employees in the Police Department;

k. failing to, as a matter of express policy of Defendant City of Chicago to retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing Defendant City of Chicago from ascertaining any pattern of abuse which might develop over the course of the police officer's career;

12

l. allowing the policy, practice, and custom of a 'police code of silence" resulting in officers refusing to report instances of police misconduct of which they are aware, including the unjustified discharge of an officer's weapon, despite their obligation under police regulations to do so, and also included police officers either remaining silent or giving false and misleading information during official investigation in order to protect themselves or fellow officer from internal disciplinary civil liability, criminal charges in case where they and their fellow officers have used excessive force or/ engaged in unlawful shootings of civilians.

59. The defacto policies including the "police code of silence" are interrelated and exacerbate the effects of each other and the interrated policies, practices and customs, as set forth herein, both individually and together were maintained and implemented with deliberate indifference, and encouraged the misconduct of the Defendant Police Officers in this cause of action. Thus the misconduct of the Defendant Police Officers in this case, Brittain and Urban, were the direct and proximate cause for the injuries suffered by the Plaintiff.

60. as a result of this unreasonable use of excessive force, Defendant s Brittain and Urban conduct was the proximate cause for injuries and pain Plaintiff suffered to the right side of his neck, pain to the body and other parts of Plaintiff's body during the Defendants above use of excessive force on August 16, 2015 and the subsequent loss of wages and the incurrence of medical expense.

**WHEREFORE** pursuant to Title 42 U S C Section 1983, Prays for the following relief:

a. Compensatory damages that will be proven at trial;

b. Punitive and exemplary damages against each and every individual Defendant Officers in an amount appropriate to the punish each individual to deter future similar misconduct;

13

c. all expenses for the cost of the lawsuit;

d. reasonable attorney's fees pursuant to the statutory law;

e. pre and post judgment interest as permitted by law; and

f. any other relief this Court deems fair and just.

Respectfully yours,

s/ Gwendolyn Dale Anderson
Law Office of Gwen Anderson & Associate
6727 South Euclid Avenue
Chicago, Illinois 60649
773-520-5506
ARDC # 048682
attygwendanderson@gmail.com